**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **TARIQ ABNEY**, | Civil Action |
| Plaintiff, | |
| v. | |
| **BOARD OF EDUCATION OF THE CITY OF CHICAGO** d/b/a City of Chicago School District 299 d/b/a Chicago Public Schools, | No. |
| Defendant. | JURY DEMAND |

## COMPLAINT

By and through his attorneys of record the plaintiff, **TARIQ ABNEY** (the "Plaintiff" or "Abney"), complains of the defendant, **, BOARD OF EDUCATION OF THE CITY OF CHICAGO** d/b/a City of Chicago School District 299 d/b/a Chicago Public Schools (the "Defendant" or "CPS"). Pleading hypothetically and in the alternative, the Plaintiff alleges as follows:

### I.   NATURE OF THE ACTION

1.   This is an action for damages and injunctive relief sought by Plaintiff to redress the deprivation of, and interference with, Plaintiff's rights under the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601, *et seq.* ("FMLA").

2.   In Count I, Plaintiff alleges that Defendant interfered with his rights under the FMLA; in Count V, Plaintiff alleges that Defendant intentionally interfered with his rights under the FMLA; in Count VI, Plaintiff alleges that the Defendant retaliated against him for requesting leave under the FMLA.

3.   In Counts II through IV, Plaintiff brings supplemental claims under the Illinois Human Rights Act ("IHRA"), 775 ILCS 5/1-101 *et seq*.

## II.   **THE PARTIES**

4.     The Plaintiff is a resident of Cook County, Illinois.

5.     CPS is a municipal corporation organized under the laws of the State of Illinois.

6.     CPS has its headquarters at or near 42 W Madison St, Chicago, IL 60602.

## III.   **JURISDICTION AND VENUE**

7.     Federal question jurisdiction is conferred on this Court by 28 U.S.C. §1331 and 29 U.S.C. §2617.

8.     Supplemental jurisdiction is conferred on this Court by 28 U.S.C. § 1367(a).

9.     Venue is proper because the unlawful employment practices alleged herein occurred within the Northern District of Illinois.

## IV.   **GENERAL ALLEGATIONS**

10.     Abney was employed by CPS from March 10, 2016 until January 23, 2019, when CPS terminated his employment.

11.     Abney was employed by CPS as a service worker in the lunchroom of Walter Payton High School in Chicago.

12.     Abney's job duties included washing dishes, serving food to students, food preparation, receiving deliveries and stowing supplies.

13.     Abney was typically scheduled to work Monday through Friday.

14.     On or about Friday, September 28, 2018, after he had left work for the day, Abney was involved in a motor vehicle collision in which he was injured.

15.     As the result of the injuries he sustained in the collision, Abney was taken to the emergency room at West Suburban Medical Center and was admitted to the hospital.

2

16.     While in the hospital, Abney logged in to Defendant's electronic attendance program and indicated that he would be absent from work in the coming week as a result of his injuries.

17.     On or about Monday, October 1, 2018, Abney informed his manager, Marisela Collazo that he would need time off work due to his injuries and requested that Collazo send him any requisite paperwork.

18.     Shortly thereafter, Marisela Collazo told Abney that she had passed his request along to Defendant's human resources department.

19.     On or about Monday, October 15, 2018, Abney returned to work at CPS.

20.     At some point between about October 1, 2018 and October 15, 2018, Abney provided Defendant with a note from his physician stating that Abney was unable to work from (Monday) October 1, 2018 through (Friday) October 12, 2018.

21.     Defendant suspended Abney's employment without pay on January 3, 2019 and, ultimately, fired him on January 23, 2019.

22.     At all times relevant to this action, Abney performed his job duties satisfactorily or better.

**COUNT I**
**(Violation of the FMLA – Interference)**

23.     The Plaintiff re-alleges the foregoing paragraphs.

24.     At all times relevant to this action Defendant employed more than 50 individuals within the City of Chicago.

25.     At all times relevant to this action, Defendant was a covered employer under the FMLA in that Defendant employed more than 50 individuals within a 75-mile radius (the City of Chicago).

26.     Abney was employed by Defendant for more than 12 consecutive months prior to October 1, 2018.

27.     Abney worked more than 1250 hours: a) in the 12-month period between and including September 1, 2017 and September 30, 2018; b) in the 12-month period between and including January 1, 2017 and December 31, 2017; and c) in the 12-month period between and including January 1, 2018 and December 31, 2018.

28.     At all times relevant to this action, Abney was an eligible employee under the FMLA in that he worked more than 1250 hours for CPS in the 12 months prior to his October 1, 2018 request for leave.

29.     Abney's injuries, sustained in the September 28, 2018, motor vehicle collision, required him to be off work for 14 days.

30.     Abney's injuries, sustained in the September 28, 2018, motor vehicle collision, constituted a serious medical condition as defined by the FMLA.

31.     Abney was entitled to take leave under the FMLA during the period he was authorized off work by his physician as the result of his injuries.

32.     Defendant failed to notify Abney of his eligibility to take FMLA leave within five business days of Abney informing Defendant of his desire to take leave, or within five business days of Defendant knowing or having reason to know that Abney suffered injuries that would require him to take leave.

33. Defendant failed to notify Abney of any specific expectations and/or obligations in order to obtain FMLA leave; at no time until his employment was suspended did Defendant explain to Abney the consequences of failing to meet any such expectations and/or obligations.

34. Defendant assessed negative attendance points to Abney as the result of his absence from work between and including October 1, 2018 and October 14, 2018.

35. Defendant terminated Abney's employment as a result of the negative attendance points described in the preceding paragraph.

36. More specifically, if Defendant had not assessed the negative attendance points described above, Abney's attendance record: a) would not have warranted or called for suspension under Defendant's own policies; b) would not have warranted or called for termination under Defendant's own policies; c) would not otherwise have warranted or called for suspension; and/or d) would not otherwise have warranted or called for termination.

37. Defendant failed to properly notify Abney of his rights under the FMLA, and improperly assessed negative attendance points to Abney, even though he qualified for FMLA leave.

38. Defendant's interference with Abney's rights, as described above, constitutes a violation of the FMLA.

39. As a direct and proximate result of Defendant's illegal interference with Abney's rights under the FMLA, Abney was damaged in that, among other things, he was denied the protected leave to which he was entitled, and he lost his job, wages and benefits.

WHEREFORE, Plaintiff prays for judgment in his favor and against Defendant, and for the following relief:

A. Make-whole damages including but not limited to back pay, reinstatement or front

5

pay in lieu of reinstatement, employment benefits and other compensation lost to Plaintiff as a result of Defendant's unlawful actions;

B. Liquidated damages as allowed by the FMLA;

C. Attorneys' fees and costs as allowed by the FMLA; and

D. Such further relief as this Court deems just and proper.

**COUNT II**
**(Violation of the IHRA – Perceived Disability)**

40. Plaintiff re-alleges paragraphs 1 through 22.

41. On January 4, 2019, Abney filed a charge of discrimination at the Illinois Department of Human Rights ("IDHR") (the "First Charge"); a copy of the charge is attached as **Exhibit A**.

42. On March 23, 2020, the IDHR dismissed the First Charge and mailed a Notice of Dismissal to Plaintiff; a copy of the Notice of Dismissal is attached as **Exhibit B**.

43. Plaintiff received the Notice of Dismissal relative to the First Charge the on March 27, 2020 (see **Exhibit B**).

44. On May 9, 2019, Abney filed a second charge of discrimination at the IDHR (the "Second Charge"); a copy of the Second Charge is attached as **Exhibit C**.

45. As of the date this action was filed (June 18, 2020), Plaintiff has not received any correspondence from the IDHR relative to the Second Charge.

46. Plaintiff filed this action on June 18, 2020, which date is: a) more than 365 days after the date on which he filed the Second Charge; and b) within 455 days of the date on which he filed the Second Charge.

47. On or about March 5, 2018, Abney arrived for work at CPS before 6:00 a.m.; he worked from 6:00 a.m. until about 10:30 a.m.

48.     On or about March 5, 2018, at about 10:30 a.m., Abney became ill while working at CPS; he experienced severe nausea, vomiting chest pains and back pains.

49.     When Abney was hired by Defendant, he told Defendant that he suffered from type-1 diabetes.

50.     When Abney was hired by Defendant, he told Defendant that, because he suffered from type-1 diabetes, he needed to take regular washroom breaks in order to check his blood sugar level and administer insulin.

51.     During his employment by Defendant, Abney in fact took regular washroom breaks to check his blood sugar level and administer insulin.

52.     During his employment by Defendant, Abney suffered from a condition wherein the skin on his hands would often break out in a rash, which required him to wear gloves while washing dishes; when Abney's co-workers and superiors with Defendant's organization observed the condition of Abney's hands, and when they observed him wearing gloves, they often looked at him with disdain and made negative comments.

53.     Defendant subjected Abney to a hostile work environment that became increasingly hostile during the course of his employment.

54.     Defendant subjected Abney to pervasive and ongoing harassment that centered on his need to take washroom breaks in order to manage his diabetes.

55.     Defendant subjected Abney to unwarranted, hypervigilant monitoring when he would take washroom breaks – among other things, his supervisor would stand outside the washroom door while he did so, would pound on the washroom door, and would call his name and question what he was doing in the washroom in a loud voice.

56.     Defendant's actions had the effect of drawing attention among co-workers to Abney and his need to take washroom breaks; it humiliated him and had the effect of encouraging his co-workers to inaccurately perceive that he was neglecting his job duties because if his diabetes and, in turn, his co-workers also began to harass him.

57.     Over the course of his employment, Abney's superiors at CPS intensified their hypervigilant monitoring and extended it beyond his washroom breaks.

58.     Among other things, Abney's superiors at CPS: took pictures and/or videos of him as he performed his job duties; found fault with the smallest minutiae when evaluating his work; invited and encouraged his co-workers to unjustifiably criticize his work; required him to re-do tasks he had already performed, when nothing was objectively wrong with his work (*e.g.*, requiring him to wash and dry dishes twice, and even three times, without objective reason and requiring him to remove and re-stow supplies he had just stowed without objective reason).

59.     Abney's superiors at CPS also harassed him in other ways: failing to open the door for him at the beginning of the work day and making him wait outside for as much as ten to fifteen minutes to be "buzzed in" (employees of the lunchroom arrived early in the morning and needed to be buzzed in by a supervisor); calling him "slow" without objective justification; telling him he was not a good worker without objective justification; telling him "I think you should quit because they [CPS] are trying to fire you;" telling him "they [CPS] are trying to get rid of you;" telling him he should quit because of his diabetes; and other ways to be shown by the evidence.

60.     On or about March 5, 2018, at about 11:00 a.m., Abney called his primary care physician, who told him to leave work and go to the emergency room immediately; Abney did in fact leave work at about 11:00 a.m. and go to the emergency room.

8

61.     After about March 5, 2018, Defendant's harassment of Plaintiff intensified acutely.

62.     On or about November 8, 2018, Abney became ill at work and presented to the nurse on staff at Walter Payton High School; the nurse sent him home for the day.

63.     After about November 8, 2018, Defendant's harassment of Abney intensified even more.

64.     CPS perceived Abney to be disabled.

65.     Throughout the course of his employment, Defendant subjected Abney to a hostile work environment because Defendant perceived Abney to be disabled.

66.     On or about January 3, 2019, Defendant suspended Abney without pay.

67.     On or about January 23, 2019, Defendant fired Abney.

68.     Defendant's actions and/or omissions as described above were motivated by Defendant's perception that Abney was disabled.

69.     Defendant's actions and/or omissions violated the Illinois Human Rights Act ("IHRA").

70.     As a direct and proximate result of Defendant's actions and/or omissions, Plaintiff was damaged in that he was caused to suffer damages of a personal and pecuniary nature, including without limitation severe emotional distress, humiliation and mental anguish, lost wages and benefits.

WHEREFORE, Plaintiff prays for judgment in his favor and against Defendant, and for the following relief:

    A.  Make-whole damages including but not limited to back pay, reinstatement or front pay in lieu of reinstatement, employment benefits and other compensation lost to Plaintiff as a result of Defendant's unlawful actions;

B. Compensatory damages including damages for emotional distress and mental anguish;

C. Consequential damages;

D. Punitive damages as allowed by the IHRA;

E. Attorneys' fees and costs as provided for by the FMLA; and

F. Such further relief as this Court deems just and proper.

**COUNT III**
**(Violation of the IHRA – Disability)**

71.     Plaintiff re-alleges paragraphs 40 through 64.

72.     At all times relevant to this action, Plaintiff in fact suffered from type-1 diabetes.

73.     Type-1 diabetes constitutes a disability under the IHRA.

74.     At all times relevant to this action, Plaintiff in fact suffered from a condition wherein the skin on his hands would often break out into a rash.

75.     Plaintiff's skin condition constitutes a disability under the IHRA.

76.     Defendant's actions and/or omissions as described above were motivated by Abney's disability.

77.     Additionally, while Defendant ostensibly accommodated Abney's disabilities by allowing him to take washroom breaks and allowing him to wear gloves, Defendant's harassment of Abney centered on those accommodations and, therefore, ultimately resulted in a failure to reasonably accommodate Abney's disabilities.

78.     Defendant's actions and/or omissions as described above violated the Illinois Human Rights Act ("IHRA").

79.     As a direct and proximate result of Defendant's actions and/or omissions, Plaintiff was damaged in that he was caused to suffer damages of a personal and pecuniary nature, including without limitation severe emotional distress, humiliation and mental anguish, lost wages and benefits.

WHEREFORE, Plaintiff prays for judgment in his favor and against Defendant, and for the following relief:

A.  Make-whole damages including but not limited to back pay, reinstatement or front pay in lieu of reinstatement, employment benefits and other compensation lost to Plaintiff as a result of Defendant's unlawful actions;

B.  Compensatory damages including damages for emotional distress and mental anguish;

C.  Consequential damages;

D.  Punitive damages as allowed by the IHRA;

E.  Attorneys' fees and costs as provided for by the FMLA; and

F.  Such further relief as this Court deems just and proper.

**COUNT IV**
**(Violation of the IHRA – Race)**

80.     Plaintiff re-alleges paragraphs 40 through 46.

81.     Defendant subjected Abney to a hostile work environment that became increasingly hostile during the course of his employment.

82.     Defendant subjected Abney to pervasive and ongoing harassment that centered on his race: Black or African American.

83.     Among other things, Abney's superiors within Defendant's organization (who were predominantly Hispanic) would often call to him by saying "boy" instead of using his name.

84.     Among other things, Abney's superiors within Defendant's organization would often tell Abney that his predecessor was a better worker than Abney because he was Hispanic; on one occasion in particular during the 2018 school year, a cook told Abney in front of Abney's manager that Abney would work faster and better if he were Hispanic – in front of Abney and the cook, Abney's manager nodded her head "yes" in agreement and verbally expressed agreement by saying "uh-huh."

85.     Defendant subjected Abney to unwarranted, hypervigilant monitoring when he would take washroom breaks – among other things, his supervisor would stand outside the washroom door while he did so, would pound on the washroom door, and would call his name and question what he was doing in the washroom in a loud voice.

86.     Defendant's actions had the effect of drawing attention among co-workers to Abney and his need to take washroom breaks; it humiliated him and had the effect of encouraging his co-workers to inaccurately perceive that he was neglecting his job duties because if his diabetes and, in turn, his co-workers also began to harass him.

87.     Over the course of his employment, Abney's superiors at CPS intensified their hypervigilant monitoring and extended it beyond his washroom breaks.

88.     Among other things, Abney's superiors at CPS: took pictures and/or videos of him as he performed his job duties; found fault with the smallest minutiae when evaluating his work; invited and encouraged his co-workers to unjustifiably criticize his work; required him to re-do tasks he had already performed, when nothing was objectively wrong with his work (*e.g.*, requiring him to wash and dry dishes twice, and even three times, without objective reason and requiring him to remove and re-stow supplies he had just stowed without objective reason).

89.     Abney's superiors at CPS also harassed him in other ways: failing to open the door for him at the beginning of the work day and making him wait outside for as much as ten to fifteen minutes to be "buzzed in" (employees of the lunchroom arrived early in the morning and needed to be buzzed in by a supervisor) even though CPS did not subject Abney's Hispanic co-worker's to the same treatment; calling him "slow" without objective justification; telling him he was not a good worker without objective justification; telling him "I think you should quit because they [CPS] are trying to fire you;" and other ways to be shown by the evidence.

90.     When Abney would arrive for work alone, Defendant would make him wait outside for as much as ten to fifteen minutes, whereas when Abney arrived with a co-worker who was Hispanic, Defendant would buzz them in immediately.

91.     Throughout the course of his employment, Defendant subjected Abney to a hostile work environment because of his race: Black or African American.

92.     On or about January 3, 2019, Defendant suspended Abney without pay.

93.     On or about January 23, 2019, Defendant fired Abney.

94.     Defendant's actions and/or omissions were motivated by race: Black or African American.

95.     Defendant's actions and/or omissions violated the Illinois Human Rights Act ("IHRA").

96.     As a direct and proximate result of Defendant's actions and/or omissions, Plaintiff was damaged in that he was caused to suffer damages of a personal and pecuniary nature, including without limitation severe emotional distress, humiliation and mental anguish, lost wages and benefits.

WHEREFORE, Plaintiff prays for judgment in his favor and against Defendant, and for the following relief:

    A.   Make-whole damages including but not limited to back pay, reinstatement or front pay in lieu of reinstatement, employment benefits and other compensation lost to Plaintiff as a result of Defendant's unlawful actions;

    B.   Compensatory damages including damages for emotional distress and mental anguish;

    C.   Consequential damages;

    D.   Punitive damages as allowed by the IHRA;

    E.   Attorneys' fees and costs as provided for by the FMLA; and

    F.   Such further relief as this Court deems just and proper.

**COUNT V**
**(Violation of the FMLA – Interference – Willful)**

97.    Plaintiff re-alleges paragraphs 1 through 79.

98.    Defendant intentionally interfered with Abney's rights under the FMLA.

99.    On or about March 5, 2018, when Abney went to the emergency room after becoming ill while working at CPS, Abney had in fact worked that morning for in excess of 4 hours.

100.    Even though Abney had in fact worked in excess of 4 hours on March 5, 2018, Abney's manager edited his work time record after the fact to make it falsely appear as though Abney had not worked on that day at all.

101.    Defendant: a) assessed negative attendance points to Abney for, according to Defendant, not coming to work on March 5, 2018 – even though Abney did in fact work in excess of 4 hours that day as described above; and/or b) assessed negative attendance points to Abney for leaving work in order to go to the emergency room.

102.    On or about March 5, 2018, Abney did in fact present to the emergency room and was treated for complications or effects of his type-1 diabetes.

103.    Defendant's actions and omissions described herein constitute willful violations of the FMLA.

104.    As a direct and proximate result of Defendant's illegal and intentional interference with Abney's rights under the FMLA, Abney was damaged in that, among other things, he was denied the protected leave to which he was entitled, and he lost his job, wages and benefits.

WHEREFORE, Plaintiff prays for judgment in his favor and against Defendant, and for the following relief:

A.    Make-whole damages including but not limited to back pay, reinstatement or front pay in lieu of reinstatement, employment benefits and other compensation lost to Plaintiff as a result of Defendant's unlawful actions;

B.    Liquidated damages as allowed by the FMLA;

C.    Attorneys' fees and costs as allowed by the FMLA; and

D.    Such further relief as this Court deems just and proper.

**COUNT VI**
**(Violation of the FMLA – Retaliation)**

105.    Plaintiff re-alleges paragraphs 1 through 79.

106.    Defendant suspended Abney without pay in retaliation for his October, 2018 request for leave under the FMLA.

107.    Defendant fired Abney in retaliation for his October, 2018 request for leave under the FMLA.

108.    Defendant's actions and omissions described herein constitute violations of the FMLA.

109.    As a direct and proximate result of Defendant's illegal actions and omissions, Abney was damaged in that, among other things, he lost his job, wages and benefits.

WHEREFORE, Plaintiff prays for judgment in his favor and against Defendant, and for the following relief:

A.  Make-whole damages including but not limited to back pay, reinstatement or front pay in lieu of reinstatement, employment benefits and other compensation lost to Plaintiff as a result of Defendant's unlawful actions;

B.  Liquidated damages as allowed by the FMLA;

C.  Attorneys' fees and costs as allowed by the FMLA; and

D.  Such further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury of all issues set forth herein that are capable of being tried by a jury.

Paul Luka                                                Respectfully submitted,
paul@mendozalaw.net
MENDOZA LAW, P.C.                             /s/Paul Luka
120 S. State Street, Suite 400                 One of the Plaintiff's Attorneys
Chicago, IL 60603
(312) 508-6010 (voice *and* fax)

Michelle M. Truesdale
mich7472@aol.com
5310 N. Harlem Avenue, Suite 210
Chicago, IL 60656
(312) 342-1400

# EXHIBIT A

| CHARGE OF DISCRIMINATION | AGENCY | CHARGE NUMBER |
|---|---|---|
| This form is affected by the Privacy Act of 1974: See Privacy act statement before completing this form.  19W0104.01 | ☒ IDHR  ☐ EEOC | 2019CF1536 |

### Illinois Department of Human Rights and EEOC

| NAME OF COMPLAINANT (indicate Mr. Ms. Mrs.)  **Tariq Abney** | TELEPHONE NUMBER (include area code)  312-856-7978 | |
|---|---|---|
| STREET ADDRESS  2031 S State Street, Apt. #1602 | CITY, STATE AND ZIP CODE  Chicago, IL 60616 | DATE OF BIRTH  7/6/1988  M   D   YEAR |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (IF MORE THAN ONE LIST BELOW)

| NAME OF RESPONDENT  **City of Chicago  Board of Education** | NUMBER OF EMPLOYEES, MEMBERS 15+ | TELEPHONE NUMBER (include area code)  773-553-2696 |
|---|---|---|
| STREET ADDRESS  42 W Madison Street, 9th Floor | CITY, STATE AND ZIP CODE  Chicago, IL 60602 | COUNTY  Cook |

| CAUSE OF DISCRIMINATION BASED ON:  **Disability  Perceived Disability  Race (Ethnic Heritage)  Skin Color** | DATE OF DISCRIMINATION  EARLIEST (ADEA/EPA) LATEST (ALL)  1/3/2019  ☒ CONTINUING ACTION |
|---|---|

THE PARTICULARS OF THE CHARGE ARE AS FOLLOWS:

### S E E   A T T A C H E D

Dept. of Human Rights
INTAKE UNIT
APR 08 2019
RECEIVED

**Page 1 of 2**

| I also want this charge filed with the EEOC.  I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | SUBSCRIBED AND SWORN TO BEFORE ME  THIS _6_ DAY OF _April_, 2019.  _Anthony Keith W___  NOTARY SIGNATURE |
|---|---|

OFFICIAL SEAL
ANTHONY KEITH WINSTON
Notary Public - State of Illinois
My Commission Expires 08/21/2022
NOTARY STAMP

x _Tariq Abney_
SIGNATURE OF COMPLAINANT    DATE
I declare under penalty that the foregoing is true and correct. I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

EEO-5 FORM (Rev. 7/12-INT)

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974: See Privacy Act Statement before completing this form.

# 19W0104. 01

| AGENCY | CHARGE NUMBER |
|---|---|
| ☒ IDHR | 2019 CF 1536 |
| ☐ EEOC | |

## Illinois Department of Human Rights and EEOC

| NAME OF COMPLAINT (Indicate Mr. Ms. Mrs.) | TELEPHONE NUMBER (Include area code) |
|---|---|
| Tariq Abney | (312) 856-7978 |

| STREET ADDRESS | CITY, STATE, ZIP CODE | DATE OF BIRTH |
|---|---|---|
| 2031 S. State, Apt. 1602 | Chicago, IL 60616 | 7/6/1988 |

**NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (IF MORE THAN ONE, LIST BELOW)**

| NAME OF RESPONDENT | NUMBER OF EMPLOYEES, MEMBERS +15 | TELEPHONE NUMBER (include area code) |
|---|---|---|
| Chicago Public Schools | | (773) 553-2696 |

| STREET ADDRESS | CITY, STATE, ZIP CODE | COUNTY |
|---|---|---|
| 42 W. Madison Street, 9th Floor | Chicago, IL 60602 | Cook |

| CAUSE OF DISCRIMINATION BASED ON: | DATE OF DISCRIMINATION EARLIEST (ADEA/EPA) LATEST (ALL) |
|---|---|
| 1) Disability; 2) Perceived Disability; 3) Race (Ethnic Heritage); 4) Skin Color | 1/3/2019 |
| | ☒ CONTINUING ACTION |

**Dept. of Human Rights
INTAKE UNIT
JAN 04 2019
RECEIVED**

### S E E   A T T A C H E D

Page 1 of 6

| I also want this charge filed with the EEOC. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | SUBSCRIBED AND SWORN TO BEFORE ME THIS 4th DAY OF January 2019. |
|---|---|
| | NOTARY SIGNATURE |

NOTARY STAMP

GEORGE S SPATARO
MY COMMISSION EXPIRES
DECEMBER 30, 2021
OFFICIAL SEAL

X _Tariq Abney_   1/4/19
SIGNATURE OF COMPLAINANT / DATE

I declare under penalty that the foregoing is true and correct I swear or affirm that I have read the above charge and that is is true to the best of my knowledge, information and belief

"return this copy"

EEO-5 FORM (Rev. 05/14-INT)

## STATE OF ILLINOIS
## ILLINOIS DEPARTMENT OF HUMAN RIGHTS

**CHICAGO OFFICE**
**DEPARTMENT OF HUMAN RIGHTS**
**100 W RANDOLPH ST., SUITE 10-100**
**CHICAGO, ILLINOIS 60601**
**(312) 814-6200**
**(866) 740-3953 (TTY)**

**SPRINGFIELD OFFICE**
**DEPARTMENT OF HUMAN RIGHTS**
**222 S. COLLEGE ST., ROOM 101**
**SPRINGFIELD, ILLINOIS, 62704**
**(217) 785-5100**
**(866) 740-3953 (TTY)**

### CHARGE NO: _____

### CHARGE OF DISCRMINIATION

**COMPLAINANT**

Tariq Abney
2031 S. State, Apt. 1602
Chicago, IL 60616
(312) 856-7978

**I believe that I have been personally aggrieved by a civil rights violation committed on**

**(date/s of harm):** 1/3/2019 _____ **, by:**

**RESPONDENT**

Chicago Public Schools
42 W. Madison, 9th Floor
Cook County
Chicago, IL 60602
(773) 553-2696

### SEE ATTACHED

**I,** Tariq Abney _____ **on oath or affirmation state that I am Complainant herein, that I have read the foregoing charge and know the contents thereof, and that the same is true and correct to the best of my knowledge.**

*Tariq Abney* 1/4/19
**Complainant's Signature and Date**

**Subscribed and Sworn to**

**Before me this** 4 **day**

**of** January 2019 .

_____
**Notary Public Signature**

GEORGE S SPATARO
MY COMMISSION EXPIRES
DECEMBER 30,
2021 **Notary Stamp**

OFFICIAL
SEAL
NOTARY PUBLIC

IDHR Form #6
Rev. 05/15

"return this copy"

## ATTACHMENT A
### (*Abney v. Chicago Public Schools*)

I.  A.  SUSPENSION OF EMPLOYMENT/PERCEIVED DISABILITY

    B.  PRIMA FACIE ALLEGATIONS

1. The complainant, Tariq Abney, has been employed by the respondent, Chicago Public Schools for about four years as a porter – assigned to work in the cafeteria of a school.
2. The complainant's job duties include cleaning the cafeteria, washing dishes and stocking storage cabinets.
3. Among other reasons, the respondent perceived the complainant to be disabled as a result of the fact that he is a diabetic and needs to take breaks in order to take insulin.
4. Among other reasons, the respondent perceived the complainant to be disabled as a result of the fact that he has rheumatoid pathology in his hands, which caused his hands to swell and a rash to develop on them.
5. The respondent suspended the complainant's employment without pay on January 3, 2019.
6. The respondent suspended the complainant because it perceived him to be disabled.
7. At all times relevant, the complainant performed the essential functions of his job satisfactorily or better.
8. The respondent's actions violated the Americans with Disabilities Act ("ADA").
9. The respondent's actions violated the Illinois Human Rights Act ("IHRA").

II.  A.  HARASSMENT AND SUBJECTION TO UNEQUAL TERMS AND CONDITIONS OF EMPLOYMENT/PERCEIVED DISABILITY

    B.  PRIMA FACIE ALLEGATIONS

1. The complainant re-states the foregoing paragraphs.
2. During at least the last several months of the complainant's employment, the complainant's supervisor and other superiors began to harass the complainant regarding his need to take regular breaks in order to take insulin and other medication.
3. Further, the respondent often assigned, and assigns, the complainant to do more work and/or less desirable work, than that which was/is assigned to the complainant's co-workers whom are not perceived to be disabled.
4. The complainant often assigned/assigns the

"return this copy"

5. The respondent harassed, and continues to harass, the complainant because it perceived/perceives him to be disabled.
6. The respondent's actions violated the ADA.
7. The respondent's actions violated the IHRA.

III. A. SUSPENSION OF EMPLOYMENT/DISABILITY

B. PRIMA FACIE ALLEGATIONS

1. The complainant re-states the foregoing paragraphs.
2. The complainant is disabled as defined by the ADA (diabetes and rheumatoid pathology in his hands).
3. The complainant is disabled as defined by the IHRA (type-1 diabetes; rheumatoid pathology in hands).
4. The respondent fired the complainant because he was disabled.
5. The respondent's actions violated the ADA.
6. The respondent's actions violated the IHRA.

IV. A. HARASSMENT AND SUBJECTION TO UNEQUAL TERMS AND CONDITIONS OF EMPLOYMENT/DISABILITY

B. PRIMA FACIE ALLEGATIONS

1. The complainant re-states the foregoing paragraphs.
2. During at least the last several months of the complainant's employment, the complainant's supervisor and other superiors began to harass the complainant regarding his need to take regular breaks in order to take insulin and other medication.
3. The respondent harassed, and continues to harass, the complainant because of he is disabled (diabetes; rheumatoid pathology in hands).
4. Further, the respondent often assigned, and assigns, the complainant to do more work and/or less desirable work, than that which was/is assigned to the complainant's co-workers who are not disabled.
5. The respondent's actions violated the ADA.
6. The respondent's actions violated the IHRA.

V. A. RETALIATION/FOR REQUESTING REASONABLE ACCOMMODATION OF DISABILITY

B. PRIMA FACIE ALLEGATIONS

1. The complainant re-states the foregoing paragraphs.
2. The complainant requested reasonable accommodation for his disability on numerous occasions prior to January 3, 2019, on which date the respondent suspended his employment without pay.
3. Among other things, the complainant requested


"return this copy"

a. that he be allowed to go to the restroom at regular intervals in order to take insulin and/or other medication;

b. that he be allowed to eat at regular intervals throughout the day;

c. that he be allowed to eat when he feels hypoglycemic;

d. that he be allowed to keep his cell phone with him so that he would be able to call for help, in the event he were to perceive that he were experiencing hypoglycemia, hyperglycemia, diabetic shock or diabetic coma;

e. that he be provided gloves to protect his hands while washing dishes (the soap the respondent required the complainant to use aggravated his rheumatoid condition); and

f. that he be allowed to use soap that did not aggravate his rheumatoid condition instead of the soap that the respondent required him to use.

4. The respondent suspended the complainant's employment in retaliation for his having requested reasonable accommodation of his disability, or disabilities.

5. Further, the respondent often assigned, and assigns, the complainant to do more work and/or less desirable work, than that which was/is assigned to the complainant's co-workers who did not request accommodation.

6. The respondent's actions violated the ADA.

7. The respondent's actions violated the IHRA.

VI. A. SUSPENSION OF EMPLOYMENT/RACE OR ETHNIC HERITAGE

B. PRIMA FACIE ALLEGATIONS

1. The complainant re-states the foregoing paragraphs.

2. The complainant is of African American ancestry.

3. The complainant's supervisor is Hispanic.

4. The complainant is the only African American employee assigned to work at the school cafeteria at which he works.

5. The vast majority of the complainant's co-workers were Hispanic.

6. The respondent suspended the complainant's employment because of his race or ethnic heritage.

7. The respondent's actions violated the Title VII of the Civil Rights Act of 1964 ("Title VII").

8. The respondent's actions violated the IHRA.

VII. A. HARASSMENT AND SUBJECTION TO UNEQUAL TERMS AND CONDITIONS OF EMPLOYMENT/RACE OR ETHNIC HERITAGE

B. PRIMA FACIE ALLEGATIONS

1. The complainant re-states the foregoing paragraphs.

3


"return this copy"

2. The respondent often assigned, and assigns, the complainant to do more work and/or less desirable work, than that which was/is assigned to the complainant's co-workers who are not African-American.
3. The respondent's actions violated Title VII.
4. The respondent's actions violated the IHRA.

VIII.    A.     SUSPENSION OF EMPLOYMENT/SKIN COLOR

       B.     PRIMA FACIE ALLEGATIONS

1. The complainant re-states the foregoing paragraphs.
2. The complainant's skin is black or dark brown.
3. The complainant's co-workers, supervisor and other superiors have lighter skin than the complainant.
4. The respondent suspended the complainant's employment because of his skin color.
5. The respondent's actions violated Title VII.
6. The respondent's actions violated the IHRA.

IX.    A.     HARASSMENT AND SUBJECTION TO UNEQUAL TERMS AND CONDITIONS OF EMPLOYMENT/SKIN COLOR

       B.     PRIMA FACIE ALLEGATIONS

1. The complainant re-states the foregoing paragraphs.
2. The respondent often assigned, and assigns, the complainant to do more work and/or less desirable work, than that which was/is assigned to the complainant's co-workers who have lighter skin.
3. The respondent's actions violated Title VII.
4. The respondent's actions violated the IHRA.

"return this copy"

4

# EXHIBIT B

**STATE OF ILLINOIS**  )
                        ) **ss**
**COUNTY OF COOK**      )

**CHARGE NO. 2019CF1536**

## AFFIDAVIT OF SERVICE

Monica Vargas , deposes and states that s/he served a copy of the attached

**NOTICE OF DISMISSAL FOR LACK OF SUBSTANTIAL EVIDENCE** on each person

named below by depositing the same on     March 23, 2020     , in the U.S. Mail Box   at

100   West   Randolph   Street,   Chicago,   Illinois,   properly   posted   for FIRST

CLASS MAIL, addresses as follows:

For Complainant

Paul Luka
Mendoza Law PC
120 S. State Street
Suite 400
Chicago, IL 60603

For Respondent

Kaitlin Salisbury
Board of Education
of the City of Chicago
1 N. Dearborn Street
Suite 900
Chicago, IL 60602

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that she verily believes the same to be true.



Monica Vargas

## PLEASE NOTE:

The above-signed person is responsible only for <u>mailing</u> these documents.  If you wish a review of the findings in this case, you must complete the Request for Review form attached. Department of Human Rights' staff are not permitted to discuss the investigation findings once a Notice of Dismissal has been issued.

**STATE OF ILLINOIS**
**DEPARTMENT OF HUMAN RIGHTS**

**IN THE MATTER OF:**

TARIQ ABNEY, )
)
)
COMPLAINANT, ) CHARGE NO. 2019CF1536
AND ) EEOC NO. 21BA90812
)
BOARD OF EDUCATION OF THE CITY OF )
CHICAGO, )
)
)
)
RESPONDENT. )

**NOTICE OF DISMISSAL**
**FOR LACK OF SUBSTANTIAL EVIDENCE**

For Complainant                     For Respondent

Paul Luka                           Kaitlin Salisbury
Mendoza Law PC                      Board of Education
120 S. State Street                 of the City of Chicago
Suite 400                           1 N. Dearborn Street
Chicago, IL 60603                   Suite 900
                                    Chicago, IL 60602

DATE OF DISMISSAL: March 23, 2020

1.    YOU ARE HEREBY NOTIFIED that based upon the enclosed investigation report,
      the Department has determined that there is NOT substantial evidence to support
      the allegation(s) of the charge. Accordingly, pursuant to Section 7A-102(D) of the
      Act (775 ILCS 5/1-101 et seq.) and the Department's Rules and Regulations (56
      Ill. Adm. Code. Chapter II, §2520.560) the charge is HEREBY DISMISSED.

2.    If Complainant disagrees with this action, Complainant may:

      a) Seek review of this dismissal before the Illinois Human Rights Commission
         (Commission), 100 West Randolph Street, Suite 5-100, Chicago, Illinois,
         60601, by filing a "Request for Review" with the Commission by the request for
         review filing date below.  Respondent will be notified by the Commission if a
         Request for Review is filed.

      **REQUEST FOR REVIEW FILING DEADLINE DATE:**  June 26, 2020

         Or, Complainant may:

      b) Commence a civil action in the appropriate state circuit court within ninety (90)
         days after receipt of this Notice.  A complaint should be filed in the Circuit
         court in the county where the civil rights violation was allegedly committed.

Page 2
**Notice of Dismissal for Lack of Substantial Evidence**
**Charge No. 2019CF1536**

> **If you intend to exhaust your State remedies, please notify the Equal Employment Opportunity Commission (EEOC) immediately. The EEOC generally adopts the Department's findings.** The Appellate Courts in <u>Watkins v. Office of the State Public Defender</u>, ___ Ill.App.3d ___, 976 N.E.2d 387 (1st Dist. 2012) and <u>Lynch v. Department of Transportation</u>, ___ Ill.App.3d ___, 979 N.E.2d 113 (4th Dist. 2012), have held that discrimination complaints brought under the Illinois Human Rights Act ("IHRA") against the State of Illinois **in the Illinois Circuit Court** are barred by the State Lawsuit Immunity Act. (745 ILCS 5/1 et seq.). Complainants are encouraged to consult with an attorney prior to commencing a civil action in the Circuit Court against the State of Illinois.

**PLEASE NOTE: The Department cannot provide any legal advice or assistance. Please contact legal counsel, your city clerk, or your county clerk with any questions.**

3.  Complainant is hereby notified that the charge(s) will be dismissed with prejudice and with no right to further proceed if a timely request for review is not filed with the Commission, or a timely written complaint is not filed with the appropriate circuit court.

4.  If an EEOC charge number is cited above, this charge was also filed with the Equal Employment Opportunity Commission (EEOC). If this charge alleges a violation under Title VII of the Civil Rights Act of 1964, as amended, or the Age Discrimination in Employment Act of 1967, Complainant has the right to request EEOC to perform a Substantial Weight Review of this dismissal. Please note that in order to receive such a review by the EEOC, it must be requested in writing to EEOC within fifteen (15) days of the receipt of this notice. However, if Complainant chooses to file a timely "Request for Review" of this dismissal with the Illinois Human Rights Commission, then Complainant must wait until receipt of a **final** notice/order by the Commission before requesting a Substantial Weight Review by the EEOC. Complainant must make a written request for Substantial Weight Review by the EEOC within fifteen (15) days of the receipt of the Human Rights Commission's **final** notice/order. Any request filed prior to your receipt of a final notice/order WILL NOT BE HONORED. Send your request for a Substantial Weight Review to **EEOC, John C. Kluczynski Federal Building, 230 South Dearborn Street, Suite 1866, Chicago, Illinois 60604.** Otherwise, EEOC will generally adopt the Department of Human Rights' action in this case.

DEPARTMENT OF HUMAN RIGHTS
James L. Bennett
Director

HB1509/HB59 NOD/LSE 03/6/2020

# EXHIBIT C

| CHARGE OF DISCRIMINATION | AGENCY | CHARGE NUMBER |
|---|---|---|
| This form is affected by the Privacy Act of 1974: See Privacy Act Statement before completing this form. <br><br> # | ☒ IDHR <br><br> ☐ EEOC | |

## Illinois Department of Human Rights and EEOC

| NAME OF COMPLAINT (indicate Mr. Ms. Mrs.) <br><br> Tariq Abney | TELEPHONE NUMBER (include area code) <br><br> (312) 856-7978 |
|---|---|

| STREET ADDRESS <br><br> 2031 S. State, Apt. 1602 | CITY, STATE, ZIP CODE <br><br> Chicago, IL 60616 | DATE OF BIRTH <br><br> 7/6/1988 |
|---|---|---|

**NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (IF MORE THAN ONE, LIST BELOW)**

| NAME OF RESPONDENT <br><br> Chicago Public Schools | NUMBER OF EMPLOYEES, MEMBERS +15 | TELEPHONE NUMBER (include area code) <br><br> (773) 553-2696 |
|---|---|---|

| STREET ADDRESS <br><br> 42 W. Madison Street, 9th Floor | CITY, STATE, ZIP CODE <br><br> Chicago, IL 60602 | COUNTY <br><br> Cook |
|---|---|---|

| CAUSE OF DISCRIMINATION BASED ON: <br><br> 1) Disability; 2) Perceived Disability; 3) Race (Ethnic Heritage); 4) Skin Color | DATE OF DISCRIMINATION EARLIEST (ADEA/EPA) LATEST (ALL) <br><br> 1/23/2019 <br><br> ☐ CONTINUING ACTION |
|---|---|

IDHR INTAKE
MAY 9 '19 PM 2:28

S E E   A T T A C H E D

Page 1 of 4

| I also want this charge filed with the EEOC. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | SUBSCRIBED AND SWORN TO BEFORE ME <br><br> THIS 6 DAY OF April , 2019 . <br><br> _Anth Keith Winst_ <br> NOTARY SIGNATURE |
|---|---|
| **OFFICIAL SEAL** <br> ANTHONY KEITH WINSTON <br> Notary Public - State of Illinois <br> My Commission Expires 08/21/2022 <br><br> NOTARY STAMP | x _Tariq Abney_    4/6/19 <br> SIGNATURE OF COMPLAINANT    DATE <br><br> I declare under penalty that the foregoing is true and correct I swear or affirm that I have read the above charge and that is is true to the best of my knowledge, information and belief |

EEO-5 FORM (Rev. 05/14-INT)

**STATE OF ILLINOIS**
**ILLINOIS DEPARTMENT OF HUMAN RIGHTS**

**CHICAGO OFFICE**
**DEPARTMENT OF HUMAN RIGHTS**
**100 W RANDOLPH ST., SUITE 10-100**
**CHICAGO, ILLINOIS 60601**
**(312) 814-6200**
**(866) 740-3953 (TTY)**

**SPRINGFIELD OFFICE**
**DEPARTMENT OF HUMAN RIGHTS**
**222 S. COLLEGE ST., ROOM 101**
**SPRINGFIELD, ILLINOIS, 62704**
**(217) 785-5100**
**(866) 740-3953 (TTY)**

**CHARGE NO:** _____

**CHARGE OF DISCRMINIATION**

**COMPLAINANT**

Tariq Abney
2031 S. State, Apt. 1602
Chicago, IL 60616
(312) 856-7978

**I believe that I have been personally aggrieved by a civil rights violation committed on**

**(date/s of harm):** 1/23/2019 _____ , **by:**

**RESPONDENT**

Chicago Public Schools
42 W. Madison, 9th Floor
Cook County
Chicago, IL 60602
(773) 553-2696

**S E E   A T T A C H E D**

I, Tariq Abney _____ **on oath or affirmation state that I am Complainant herein,**
**that I have read the foregoing charge and know the contents thereof, and that the same is true and**
**correct to the best of my knowledge.**

_Tariq Abney_
**Complainant's Signature and Date**

**Subscribed and Sworn to**

**Before me this** _6_ **day**

**of** _APRIL_ , _2019_ .

_____
**Notary Public Signature**

OFFICIAL SEAL
ANTHONY KEITH WINSTON
Notary Public - State of Illinois
My Commission Expires 08/21/2022

**Notary Stamp**

IDHR Form #6
Rev. 05/15

### ATTACHMENT A
### (*Abney v. Chicago Public Schools*)

I.  A.  TERMINATION OF EMPLOYMENT/PERCEIVED DISABILITY

    B.  PRIMA FACIE ALLEGATIONS

1. Until he was fired on January 23, 2019, the complainant, Tariq Abney, was employed by the respondent, Chicago Public Schools for about four years – assigned to work in the cafeteria of a school.
2. The complainant's job duties includes cleaning the cafeteria, washing dishes and stocking storage cabinets.
3. Among other reasons, the respondent perceived the complainant to be disabled as a result of the fact that he is a diabetic and needs to take breaks in order to take insulin.
4. Among other reasons, the respondent perceived the complainant to be disabled as a result of the fact that he has rheumatoid pathology in his hands, which caused his hands to swell and a rash to develop on them.
5. The respondent suspended the complainant's employment without pay on January 3, 2019 (this suspension is the subject of another, previously filed, charge of discrimination (Charge No. 2019CF1536.)).
6. The respondent fired the complainant on January 23, 2019.[1]
7. The respondent suspended the complainant because it perceived him to be disabled.
8. At all times relevant, the complainant performed the essential functions of his job satisfactorily or better.
9. The respondent's actions violated the Americans with Disabilities Act ("ADA").
10. The respondent's actions violated the Illinois Human Rights Act ("IHRA").

II.  A.  TERMINATION OF EMPLOYMENT/DISABILITY

    B.  PRIMA FACIE ALLEGATIONS

1. The complainant re-states the foregoing paragraphs.
2. The complainant is disabled as defined by the ADA (diabetes and rheumatoid pathology in his hands).

---

[1] The previously filed charge (Charge No. 2019CF1536) alleged that the complainant was fired. When the previous charge was filed on January 4, 2019, the complainant had not yet been fired – although he anticipated that the respondent was targeting him and was planning to fire him. The previous charge alleges that the respondent had fired the complainant. However, this is a typographical error. The complainant was not actually fired until January 23, 2019 – necessitating the filing of this, second charge.

3. The complainant is disabled as defined by the IHRA (type-1 diabetes; rheumatoid pathology in hands).
4. The respondent fired the complainant because he was disabled.
5. The respondent's actions violated the ADA.
6. The respondent's actions violated the IHRA.

III.    A.    RETALIATION/FOR OPPOSING UNLAWFUL DISCRIMINATION

        B.    PRIMA FACIE ALLEGATIONS

1. The complainant re-states the foregoing paragraphs.
2. The complainant filed the previous charge (referenced above) on January 4, 2019.
3. The respondent fired the complainant on January 23, 2019 in retaliation for his having filed the previous charge on January 4, 2019.
4. The respondent's actions violated the ADA.
5. The respondent's actions violated the IHRA.

IV.    A.    TERMINATION OF EMPLOYMENT/RACE OR ETHNIC HERITAGE

        B.    PRIMA FACIE ALLEGATIONS

1. The complainant re-states the foregoing paragraphs.
2. The complainant is of African American ancestry.
3. The complainant's supervisor was Hispanic.
4. The complainant was the only African American employee assigned to work at the school cafeteria at which the complaint worked.
5. The vast majority of the complainant's co-workers were Hispanic.
6. The respondent fired the complainant because of his race or ethnic heritage.
7. The respondent's actions violated the Title VII of the Civil Rights Act of 1964 ("Title VII").
8. The respondent's actions violated the IHRA.

V.    A.    TERMINATION OF EMPLOYMENT/SKIN COLOR

        B.    PRIMA FACIE ALLEGATIONS

1. The complainant re-states the foregoing paragraphs.
2. The complainant's skin is black or dark brown.
3. The complainant's co-workers, supervisor and other superiors had lighter skin than the complainant.
4. The respondent fired the complainant's employment because of his skin color.
5. The respondent's actions violated Title VII.
6. The respondent's actions violated the IHRA.

2