UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TARIQ ABNEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 20 C 3621 |
| v. | ) |
| | ) Judge Sara L. Ellis |
| BOARD OF EDUCATION OF THE CITY | ) |
| OF CHICAGO d/b/a City of Chicago School | ) |
| District 299 d/b/a Chicago Public Schools, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

After Defendant the Board of Education of the City of Chicago (the "Board") terminated Plaintiff Tariq Abney's employment as a lunchroom service worker, Abney filed this lawsuit against the Board. He brings claims for interference and retaliation in violation of the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.*, as well as for disability and race discrimination and hostile work environment under the Illinois Human Rights Act ("IHRA"), 775 Ill. Comp. Stat. 5/1-101 *et seq.* The Board has moved to dismiss Abney's racial hostile work environment claim. Although Abney ultimately may not be able to establish that he experienced a racially hostile work environment while employed by the Board, he has plausibly alleged that he experienced sufficiently severe or pervasive conduct because of his race to proceed to discovery on that claim.

## BACKGROUND[1]

Abney, who is African American and a diabetic, began working for the Board as a lunchroom service worker at Walter Payton High School on March 10, 2016. His job duties

---

[1] The Court takes the facts in the background section from Abney's complaint and the exhibits attached thereto and presumes them to be true for the purpose of resolving the Board's motion to dismiss. *See Phillips v. Prudential Ins. Co. of Am.*, 714 F.3d 1017, 1019–20 (7th Cir. 2013).

included preparing and serving food, washing dishes, receiving deliveries, and stowing supplies. On January 3, 2019, the Board suspended Abney without pay. The Board then terminated his employment on January 23, 2019.[2]

While he worked at Walter Payton, Abney's predominantly Hispanic superiors often called him "boy" instead of by name. They also told him that his predecessor was a better worker because he was Hispanic. On at least one occasion in 2018, in front of Abney's manager, a cook told Abney that he would work faster and better if he were Hispanic, with Abney's manager nodding her head and verbally expressing her agreement. Abney's supervisors also excessively monitored his frequent washroom breaks, which he took to monitor his blood sugar levels and administer insulin. A supervisor often stood outside the washroom door and loudly questioned what Abney was doing. The supervisors' actions drew attention to Abney and his need for washroom breaks, with his co-workers perceiving that Abney neglected his job duties because of his diabetes.

Abney's superiors also took pictures and videos of Abney performing his job duties, encouraged his co-workers to criticize his work, and forced him to redo tasks without any objective basis. They called him "slow" and told him he was not a good worker, suggesting that he should quit instead of being fired. His superiors also shunned him by failing to open the door for him in the morning and instead making him wait ten to fifteen minutes to be buzzed in. Abney found that his supervisors treated him differently than his Hispanic co-workers, who were immediately buzzed into the building.

---

[2] In its motion to dismiss, the Board represents that its records reflect that Abney's employment actually ended on January 25, 2019. Doc. 20 at 2 n.4. The Court does not find the exact date of his termination relevant to resolution of the pending motion.

**LEGAL STANDARD**

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits. Fed. R. Civ. P. 12(b)(6); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In considering a Rule 12(b)(6) motion, the Court accepts as true all well-pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *Kubiak v. City of Chicago*, 810 F.3d 476, 480–81 (7th Cir. 2016). To survive a Rule 12(b)(6) motion, the complaint must assert a facially plausible claim and provide fair notice to the defendant of the claim's basis. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Adams v. City of Indianapolis*, 742 F.3d 720, 728–29 (7th Cir. 2014). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

**ANALYSIS**

The Board argues that Abney's complaint does not include sufficient facts to state a hostile work environment claim based on his race under the IHRA. Illinois courts look to Title VII law to determine whether a hostile work environment exists under the IHRA, and so the Court does so here.[3] *Reed v. Freedom Mortg. Corp.*, 869 F.3d 543, 547 (7th Cir. 2017). To state a hostile work environment claim, Abney must allege (1) he was subject to unwelcome harassment, (2) the harassment was based on his race, (3) the harassment was severe or pervasive so as to alter the conditions of employment and create a hostile or abusive working environment,

---

[3] Abney generally agrees that the federal framework applies but contends that subtle differences exist between the federal Title VII framework and the IHRA, pointing to differences in employer liability for supervisor harassment. *See* Doc. 24 at 9 n.5. Because the Board does not challenge whether a basis exists for employer liability, the Court need not delve into any differences at this time.

3

and (4) there is a basis for employer liability. *Huri v. Office of the Chief Judge of the Circuit Court of Cook Cty.*, 804 F.3d 826, 834 (7th Cir. 2015).

A hostile environment claim requires that the harassment be "sufficiently severe or pervasive to alter the conditions of employment and create an abusive working environment." *Ezell v. Potter*, 400 F.3d 1041, 1047 (7th Cir. 2005). Whether an environment is sufficiently hostile "can be determined only by looking at all the circumstances," which "may include the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Harris v. Forklift Systems, Inc.*, 510 U.S. 17, 23 (1993); *see also Boss v. Castro*, 816 F.3d 910, 920 (7th Cir. 2016).

The Board argues that Abney's allegations do not meet the "high bar" required of hostile work environment claims. *Swyear v. Fare Foods Corp.*, 911 F.3d 874, 881 (7th Cir. 2018). At the pleadings stage, however, it is premature for the Court to dismiss hostile work environment claims where the plaintiff has pleaded facts that could amount to violations of the relevant laws. *See Huri*, 804 F.3d at 834 (dismissal of hostile work environment claims would be premature where the plaintiff pleaded facts "that could have happened and which discovery can be reasonably expected to reveal" (citing *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010)); *see also E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 781 (7th Cir. 2007) (plaintiff alleging racial discrimination can allege employers' intent "quite generally" and still proceed beyond pleadings).

Here, Abney has pleaded that, over an almost three-year period, his superiors at Walter Payton repeatedly made derogatory comments to him, including calling him "boy" and "slow." He also alleges that his superiors derisively compared his work to that of his Hispanic

4

predecessor, emphasized that they viewed Hispanic workers as superior, and treated Hispanic workers better, buzzing them into the building right away while making Abney wait outside for ten to fifteen minutes before being granted entrance. Additionally, Abney claims that his superiors subjected him to excessive monitoring, required him to redo work for no objective reason, and encouraged his co-workers to criticize his work. Although the Board argues that these allegations do not rise to the level of actionable harassment, Abney has pleaded sufficient facts to satisfy the pleading standard and provide the Board with fair notice of his claim. *See Huri*, 804 F.3d at 834 ("[I]t is premature to conclude just how abusive Huri's work environment was."); *Swanson*, 614 F.3d at 404 ("[T]he statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007))); *James v. Lydon*, No. 19 C 3366, 2020 WL 3192286, at *5 (N.D. Ill. June 15, 2020) ("[C]ourts in this district have tended to deny motions to dismiss where plaintiffs alleged some ongoing or repeat instances of harassment.").

  The Board's additional argument that Abney has not sufficiently linked the alleged harassment to racial animus also fails. The complaint plainly alleges that the hostile conduct occurred because of Abney's race, which is all that Abney must allege at this stage. *See James*, 2020 WL 3192286, at *4; *cf. Concentra*, 496 F.3d at 781 ("'I was turned down for a job because of my race' is all a complaint has to say." (quoting *Bennett v. Schmidt*, 153 F.3d 516, 518 (7th Cir. 1998))). Additionally, Abney alleges that his superiors singled him out because he was not Hispanic and used racially derogatory terms such as "boy" and "slow." *See Ash v. Tyson Foods, Inc.*, 546 U.S. 454, 456 (2006) (use of "boy" to refer to a plaintiff "will not always be evidence of racial animus," but may be probative of bias depending on "context, inflection, tone of voice, local custom, and historical usage"). Abney will ultimately have to support his allegations

5

concerning racial motivation with evidence, but at this stage, he has pleaded enough facts that could plausibly amount to a racially hostile work environment. *See Huri*, 804 F.3d at 834 (dismissal of the complaint was in error because the plaintiff's complaint presents a story that "holds together" (citing *Swanson*, 614 F.3d at 404)); *Moses v. Sloan Valve Co.*, No. 16 C 9972, 2017 WL 3838040, at *3 (N.D. Ill. Sept. 1, 2017) (at the pleading stage, plaintiffs pleaded sufficient facts to state a hostile work environment claim where allegations of harassment "had a racial angle"); *Gaston v. Bd. of Ed. of the City of Chicago*, No. 17 C 1024, 2017 WL 3234375, at *3 (N.D. Ill. July 31, 2017) (plaintiff stated claim for hostile work environment where her allegations included that her supervisor verbally assaulted her and sent her emails to attend baseless disciplinary meetings).

## CONCLUSION

For the foregoing reasons, the Court denies the Board's motion to dismiss [20].

Dated: January 27, 2021

SARA L. ELLIS
United States District Judge